## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

_____

ROBIN LILLY,

      Plaintiff,

v.                                                                                    No. Civ. 12-1112 LH/WPL

CHASE BANK USA, N.A.,

      Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Chase Bank USA, N.A.'s Motion to Dismiss (ECF No. 6).  The Court, having considered the motions, arguments, and relevant law, concludes that the motion should be granted in part and denied in part.  The Court will grant the motion to dismiss with regard to all the state law claims asserted in the complaint.  The Court, however, will give Plaintiff 14 days to amend the complaint to cure the deficiencies in his Federal Credit Reporting Act ("FCRA") claim, if he can do so in good faith subject to the strictures of Federal Rule of Civil Procedure 11.  Accordingly, the Court will deny the motion to dismiss Plaintiff's FRCA claim at this time.

### I.      FACTUAL BACKGROUND

On January 27, 2009, and February 26, 2009, Plaintiff Robin Lilly sent a dispute of his credit report to Trans Union regarding two accounts ending in 6963 and 4038.  *See* Compl. ¶¶ 6-7, ECF No. 1-1.  Plaintiff wrote directly to Defendant Chase Bank USA N.A. ("Chase") on February 27, 2009, "describing how Defendant's credit reports regarding Plaintiff were inaccurate" and requesting that they be corrected.  *Id.* ¶ 8. On April 20, 2009, and November 4, 2009, Plaintiff sent a dispute of inaccuracies to Experian regarding the two accounts.  *Id.* ¶¶ 9-

10. Plaintiff continued to write both Defendant and TransUnion regarding the "dispute of inaccuracies" but no information was changed on the reports. *See id.* ¶¶ 11-13. Defendant responded to Plaintiff on December 27, 2009, about account 4038 stating that the reports were accurate and the information would not be changed. *See id.* ¶ 14. On January 30, 2010, Plaintiff wrote to Defendant explaining why the reports were inaccurate. *Id.* ¶ 15. Defendant never responded. *Id.* Plaintiff continually wrote to TransUnion, Experian, and Defendant in early 2010 through the rest of 2011, explaining why the reported information was inaccurate, requesting correction or proof, and complaining that Defendant ignored the requirement to re-investigate the account. *See id.* ¶¶ 16-22.

In addition, Plaintiff wrote to Experian, TransUnion, and Defendant regarding both accounts in 2012, explaining that the credit report needed to be deleted because the accounts were too old to report. *Id.* ¶ 23. Plaintiff claims that Defendant "re-aged" the accounts by reporting an incorrect date of the commencement of the delinquency of Plaintiff's account. *See id.* ¶¶ 23, 32. Plaintiff contends that, after he made a payment "on the account," *id.* ¶ 36, Defendant reported the date of commencement of the delinquency as the date of Plaintiff's final payment, in order to extend the period of time the credit reporting agencies may lawfully report the tradeline", *id.* ¶ 38. Plaintiff, however, does not disclose the dates in contention nor does he specify what other information, if any, is inaccurate in the credit reports.

II.    **PROCEDURAL HISTORY**

Plaintiff filed suit against Defendant in the State of New Mexico Second Judicial District Court on September 29, 2012. The complaint  alleges state law claims for negligence, defamation, intentional or reckless wrongful conduct and unfair practices pursuant to the New Mexico Unfair Practices Act (UPA), N.M. Stat. Ann. § 57-12-1, *et seq*. Additionally, Plaintiff

claims damages under the FCRA, 15 U.S.C. §§ 1681n and 1681o.  On October 26, 2012, the case was removed to this Court.

Defendant filed a Motion to Dismiss, ECF No. 6, on November 9, 2012, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff filed a Response to Motion to Dismiss, ECF No. 9, on November 14, 2012, in which he concedes that any state claims were preempted by the FCRA.  Accordingly, the Court will dismiss the state law claims with prejudice.  Plaintiff, however, asserts that he states a claim under § 1681s-2(b) of the FCRA.  Defendant filed a Reply in Support of Motion to Dismiss, ECF No. 13, on December 3, 2012.

Defendant argues the allegations contained in the complaint are insufficient to state a claim under Federal Rule of Civil Procedure 8. First, Defendant argues the Complaint does not allege Chase violated § 1681s-2(b):  "Plaintiff has now alleged for the first time that all of his allegations support a claim under 15 U.S.C. § 1681s-2(b), for failing to reasonably investigate a credit dispute. This section . . . is not mentioned once in the Complaint . . . ."  Reply 2, ECF No. 13. Second, Defendant asserts the Complaint fails to allege the elements of a 1681s-2(b) claim because the "Complaint never alleges what information Chase reported inaccurately, or why such information was purportedly inaccurate in the first place."  *Id.* at 3.  In addition, Defendant contends that Plaintiff did not allege that Chase was ever asked by a consumer reporting agency ("CRA") to investigate a dispute, which is required by §1681s-2(b) to state a claim. Lastly, Defendant argues that the claim is too vague for it to respond because "Plaintiff never identifies . . . whether there are multiple alleged FCRA violations, whether the violations relate to one account or two, whether the allegations concern the delinquency itself or merely the date it was reported, or some combination of all of the above." *Id.* at 6.

3

Plaintiff argues his Complaint alleges facts that establish the elements of a plausible cause of action under § 1681s-2(b) because the complaint alleges that plaintiff "explained why the disputed credit report was inaccurate" in his pre-suit correspondence, and because the Complaint describes how "Defendant improperly 're-aged' the account at issue so that it stayed on the credit reports past the 7-years and 180 day obsolescence date mandated by the FRCA." Resp. ¶ 6, ECF No. 9. Plaintiff concedes that a private cause of action arises only after the furnisher of credit information receives notice of a dispute from a CRA. *See* Resp. ¶¶ 3-4, ECF No. 9. Plaintiff nonetheless argues that the Court may make "a reasonable inference that, accepting the allegations as true, as a result of Lilly's repeated correspondence and dispute notices to the CRAs regarding the account at issue, the CRAs asked Defendant to verify or investigate the dispute." *Id.* ¶ 11.

## II.      STANDARD

"A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). Under Federal Rule of Civil Procedure Rule 12(b)(6), a complaint should be dismissed if it does not plead enough "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007).

## III.     ANALYSIS

Under 15 U.S.C. § 1681s–2, in order to trigger a duty for Defendant, as the furnisher of information to a CRA, to investigate a dispute with regard to the completeness or accuracy of any information provided to a CRA, it must have been notified by a CRA of the dispute. *See* 15 U.S.C. §§ 1681i(1)(2) & 1681s-2(b)(1). Notice is provided when a CRA, such as Experian or TransUnion, reports that a customer has disputed an item of credit that the Bank provided to the

CRA.  *See Rambarran v. Bank of Am., N.A.,* 609 F. Supp. 2d 1253, 1257 (S.D. Fla. 2009).  In

*Peasley v. Verizon Wireless (VAW) LLC,* 364 F. Supp. 2d 1198 (S.D. Cal. 2005), the district

court held that a complaint that did not allege that the defendant was ever notified of the dispute

*by a credit reporting agency* failed to state a claim upon which relief could be granted.  *See id.* at

1200.  Direct notice by a plaintiff to the furnisher of information is not enough under the FCRA

to trigger a duty to investigate.  *See id.* (and cases cited therein).

Here, Plaintiff has not alleged that a CRA notified Defendant of the dispute.  Plaintiff

urges that it can be inferred reasonably from the complaint that giving notice to a CRA would

result in the CRA giving notice to Defendant.  Numerous cases, however, have found it

insufficient to merely allege that the plaintiff gave notice to a CRA of the dispute.  *See*, *e.g.*,

*Grier v. Simmons and Clark Jewelers,* No. 11-cv-14247, 2012 WL 1247171, *3-4 (E.D. Mich.

Feb. 17, 2012) (unpublished decision); *Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918, 928-

29 (N.D. Ill. 2000).  Moreover, Plaintiff has not provided the Court with any authority supporting

such an inference.

Other than the allegations concerning improperly re-aging an account, the Complaint

does not describe any purported inaccuracies Chase has allegedly reported to the credit reporting

agencies.    The Complaint states that Plaintiff "explained why" Defendant's reports were

inaccurate but does not go into further detail. It is unclear whether the inaccuracies are solely the

alleged improper re-aging of the account or whether Plaintiff is alleging additional inaccuracies.

As to the dispute involving the re-aged account, Plaintiff alleges that Defendant is reporting

inaccurate dates of his default but does not give the disputed dates.

Although Plaintiff has not alleged enough facts in the complaint to state a claim for relief under the FCRA, it appears that Plaintiff may be able to provide the additional facts necessary to state a plausible FRCA claim.  In the interests of justice, the Court will give Plaintiff 14 days to amend the complaint to cure the deficiencies in his FRCA claim, if he can do so in good faith subject to the strictures of Rule 11.[1]

**IT IS THEREFORE ORDERED** that Defendant Chase Bank USA, N.A.'s Motion to Dismiss (**ECF No. 6**) is **GRANTED in part and DENIED in part** as follows:

1.      The motion to dismiss is **GRANTED** with regard to all state law claims asserted in the complaint, and the state law claims are **DISMISSED WITH PREJUDICE**.

2.       The motion to dismiss is **DENIED** at this time with regard to the Federal Credit Reporting Act claim asserted in the complaint.

3.      Plaintiff has **14 days** from the date of the filing of this Memorandum Opinion and Order to amend the complaint to cure the deficiencies in his FRCA claim, if he can do so in good faith subject to the strictures of Rule 11.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff does not request leave to amend, Defendant alternatively requests in its reply, should the Court be inclined not to dismiss the case with prejudice, that the Court require Plaintiff to provide a more definite statement in any amended complaint.